1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL GONZALEZ, et al.,

Plaintiffs,

v.

CARNIVAL CORPORATION, et al.,

Defendants.

Case No. 21-cv-04682-JSW

**ORDER DENYING MOTION TO REMAND AND GRANTING, AS UNOPPOSED, MOTION TO TRANSFER**

Re: Dkt. Nos. 14, 28

Now before the Court for consideration are the motion to remand, filed by Plaintiffs Miguel Gonzalez and Carla Gonzalez (collectively "Plaintiffs"), and the motion to transfer filed by Defendants Carnival Corporation, Carnival PLC, and Princess Cruise Lines, LTD d/b/a Princess Cruises (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES Plaintiffs' motion to remand. The Court GRANTS, as unopposed, Defendants' motion to transfer this case to the United States District Court for the Central District of California.

**BACKGROUND**

On February 9, 2021, Plaintiffs filed their complaint in the Superior Court of California, County of Marin. (Notice of Removal, Ex. A at ECF pp. 17-48, Complaint ("Compl.").) Plaintiffs are the son and the daughter-in-law of Lucio Gonzalez ("Decedent") who contracted COVID-19 while aboard one of Defendants' cruise ships and later died from the virus. At least some of the Defendants are not residents of California. Decedent and Plaintiffs lived together, and they allege they were exposed to and contracted the virus from Decedent. Plaintiffs assert claims against Defendants for negligence and gross negligence based on Defendants' failure to take precautionary measures to prevent or mitigate the spread of COVID-19 during Decedent's cruise.

1   (*See, e.g., id.*, ¶¶ 106-118.)

2       Plaintiffs rely, in part, on a forum selection clause in the Decedent's Passage Contract to

3   establish personal jurisdiction over those Defendants.  Plaintiffs also allege they are not bound by

4   that clause.  (Compl. ¶¶ 8-9, 35.)  The forum selection clause provides:

> All claims or disputes involving Emotional Harm, bodily injury,
> illness to or death of any Guest whatsoever, including without
> limitation those arising out of or relating to this Passage Contract or
> Your Cruise, *shall be litigated in and before the United States
> District Courts for the Central District of California in Los Angeles*,
> or as to those lawsuits over which the Federal Courts of the United
> States lack subject matter jurisdiction before a court located in Los
> Angeles County, California, U.S.A., to the exclusion of the courts of
> any other country, state, city, municipality, county or locale.  You
> consent to jurisdiction and waive any objection that may be
> available to any such action being brought in such courts.

11  (Dkt. No. 30-1, Declaration of Collin Steinke ("Steinke Decl."), ¶¶ 4, 19, Ex. C (Passage Contract

12  at 20, emphasis added).)

13      On June 18, 2021, Defendants removed the case to this Court.  They assert the case is

14  removable under Section 1441(a) because district courts have original jurisdiction over admiralty

15  cases.  (Notice of Removal, ¶¶ 3-7.)  Defendants also assert that Plaintiffs are equitably estopped

16  from arguing the forum selection clause does not apply to them.  (*Id.*, ¶¶ 8-17.)

17      On June 25, 2021, relying on the forum selection clause, Defendants filed their motion

18  transfer this case to the Central District, where Plaintiffs' wrongful death suit against Defendants

19  is pending, *Gonzalez v. Carnival Corp., et al.*, No. 21-cv-01195-DDP-GJS.  On August 4, 2021,

20  Plaintiffs filed their motion to remand.

21      The Court addresses additional facts as necessary in the analysis.

22                                **ANALYSIS**

23      Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins.*

24  *Co. of Am.*, 511 U.S. 375, 377 (1994).  Defendants, as the removing parties, have the burden to

25  show removal jurisdiction and subject matter jurisdiction exist.  The removal statute is strictly

26  construed against jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004).

27  "Where doubt regarding the right to removal exists, a case should be remanded to state court."

28  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  Unlike original

United States District Court
Northern District of California

2

1    subject matter jurisdiction, a party can waive removal jurisdiction.  *See, e.g, Morris v. Princess*

2    *Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citing *Grubbs v. Cen. Elec. Credit Corp.*, 405

3    U.S. 699 (1972)); *see also id.* at 1069 n.1 (noting distinction between removal jurisdiction and

4    subject matter jurisdiction); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543 (5th Cir. 1991)

5    (same).

6            Removal jurisdiction is governed by 28 U.S.C. section 1441.  In 2011, Congress amended

7    Section 1141(a) and removed the following language the statutory test: "Any civil action of which

8    the district courts have original jurisdiction *founded on a claim or right arising under the*

9    *Constitution, treaties, or laws of the United States* shall be removable without regard to the

10   citizenship of residence of the parties."  Section 1441(a) now provides:

11            Except as otherwise expressly provided by Act of Congress, any civil
12            action brought in a State court of which the district courts of the
             United States have original jurisdiction, may be removed by the
13            defendant or the defendants, to the district court of the United States
             for the district and division embracing the place where such action is
14            pending.

15           Defendants argue removal is proper based on 28 U.S.C. section 1333(1), which provides

16   for original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, *saving to*

17   *suitors in all cases all other remedies to which they are otherwise entitled*" (emphasis added).

18   Historically, the "saving to suitors" clause preserved state court jurisdiction for claims "where the

19   defendant is a person, not a ship or some other instrument of navigation" unless there was an

20   independent basis for federal jurisdiction.  *Madruga v. Sup. Ct. of Cal.*, 346 U.S. 556, 560-61

21   (1954).  Thus, "a plaintiff with in personam maritime claims has three choices: He may file suit in

22   federal court under the federal court's admiralty jurisdiction, in federal court under diversity

23   jurisdiction if the parties are diverse and the amount in controversy is satisfied, or in state court."

24   *Ghotra by Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997).  Because the

25   parties in this case are not completely diverse, Plaintiffs here exercised the first option.

26           Before the amendments to Section 1441, courts consistently held that admiralty cases were

27   not removable unless there was an independent basis for jurisdiction, such as diversity.  Plaintiffs

28   argue that the amendments to Section 1441 should not be construed to upend that precedent.

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants argue admiralty cases are now removable even if an independent basis for jurisdiction does not exist. However, they argue that the Court need not reach and resolve that question because Plaintiffs are bound by the forum selection clause, which effectively waives their right to invoke the saving-to-suitors clause and their concomitant right to sue in state court. (*See* Notice of Removal, ¶¶ 9-17.) Defendants also argue that Plaintiffs have waived the ability to contest the estoppel arguments.

Defendants clearly laid out their arguments about why Plaintiffs should be equitably estopped from avoiding the effect of the forum selection clause in their Notice of Removal. Under Section 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after" a notice of removal is filed. Plaintiffs' motion to remand is based on an objection to "lack of removal jurisdiction, e,g, lack of independent diversity or federal question jurisdiction."[1] *Morris*, 236 F.3d at 1069. Plaintiffs did not, however, address Defendants' estoppel arguments until they filed their reply brief, more than 30 days after Defendants removed this case. Thus, the Court must consider whether those arguments pertain to a "defect" in removal subject to Section 1447(c)'s thirty-day time limit.

In *Kamm v. ITEX Corp.*, the Ninth Circuit held that a motion to remand based on a forum selection clause is not a "defect" subject to Section 1447(c)'s thirty-day time limit. 568 F.3d 752, 755 (9th Cir. 2009). There, the court had subject matter jurisdiction based on diversity jurisdiction, but the plaintiff moved to remand based on a forum selection clause that provided for venue in state court. The court reasoned that the term "'defect' refers to a failure to comply with the statutory requirements for removal provided in" Sections 1441 through 1453 and was meant to ensure that "more substantive removal defects, such as forum defendant … violations were subject to the 30-day time limit." *Id.* at 755-56.

Unlike the plaintiff in *Morris*, Plaintiffs did object to the lack of removal jurisdiction based on Section 1333's saving-to-suitors clause when they moved to remand. Although the procedural

---

[1] Although Plaintiffs also filed the motion to remand more than thirty days after the case was removed, the parties stipulated to several extensions of that deadline. Defendants did not preserve the right to object to Plaintiffs' anticipated motion on the basis that it would be untimely. (*See* Dkt. Nos. 21, 23, 29.)

United States District Court
Northern District of California

1   posture of this case is different because Defendants are attempting to avoid remand based on the

2   forum selection clause, the Court concludes the holding of *Kamm* is applicable here.  Accordingly,

3   the Court concludes that Section 1447(c) does not preclude it from considering Plaintiffs' reply

4   arguments.  Rather, the Court concludes the proper question is whether the Court should invoke

5   the general principle that arguments raised for the first time in a reply need not be considered.  In

6   the exercise of its discretion, the Court will consider those arguments, as well as the Defendants'

7   sur-reply and Plaintiffs' response to the sur-reply.

8          In general, forum selection clauses are "*prima facie* valid, and are enforceable absent a

9   strong showing by the party opposing the clause 'that enforcement would be unreasonable or

10  unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *Manetti-Farrow,*

11  *Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (quoting *The Bremen v. Zapata Off-*

12  *Shore, Co.*, 407 U.S. 1, 15 (1972) (alteration in *Manetti-Farrow*).  Forum selection clauses, as a

13  form of dispute resolution provisions, "presumptively survive the termination of a contract."

14  *Marcotte v. Micros Sys., Inc.*, No. 14-cv-01372-LB, 2014 WL 4477349, at *9 (N.D. Cal. Sept. 11,

15  2014).  In order to enforce a forum selection clause in a passenger ticket, the clause also must be

16  "reasonably communicated" and "fundamentally fair."  *See Oltman v. Holland Am. Line, Inc.*, 538

17  F.3d 1271, 1276-77 (9th Cir. 2008).

18         Plaintiffs do not dispute that the forum selection clause was reasonably communicated to

19  Decedent, that it is fundamentally fair, and that it is otherwise valid.  However, they argue it was

20  not reasonably communicated to them and, thus, cannot bind them.  Defendants argue that if

21  Plaintiffs are equitably estopped from avoiding the clause, it does not matter whether or not the

22  forum selection clause was not reasonably communicated to Plaintiffs, so long as it was

23  reasonably communicated to Decedent.

24         In general, "a contract cannot bind a nonparty."  *E.E.O.C. v. Waffle House, Inc.*, 534 U.S.

25  279, 294 (2002).  Under certain circumstances, however, a non-signatory may be estopped from

26  claiming it is not bound by contract terms.  *Comer v. Micor, Inc.*, 436 F.3d 1098, 1011 (9th Cir.

27  2006) (internal citations and quotations omitted); *see also Nguyen v. Barnes & Noble, Inc.*, 763

28  F.3d 1171, 1179 (9th Cir. 2014); *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 936

1   (N.D. Cal. 2020) ("Direct benefits estoppel holds a nonsignatory to a clause in a contract if it

2   knowingly exploits the agreement containing the clause.") (quoting *In re Lloyd's Register N. Am.,*

3   *Inc.*, 780 F.3d 283, 291 (5th Cir. 2015)).[2]

4       In *Comer*, the Ninth Circuit held that the plaintiff who asserted ERISA claims for breach

5   of fiduciary duty against an investment advisor was not bound by an arbitration clause contained

6   an agreement between the plan trustees and the investment advisor.  436 F.3d at 1100.  The court

7   reasoned the plaintiff "was simply a participant in trusts managed by others for his benefit" and

8   had not sought to "enforce the terms of the management agreements, nor otherwise take advantage

9   of them." *Id.* at 1102.  His claims also were not based on the management agreements.  The court

10   held such "passive" participation did not amount to the type of "knowing exploitation" that would

11   invoke direct benefits estoppel.  *Id.*; *see also Brown v. Comcast Corp.*, No. 16-cv-00264-AB

12   (SPx), 2016 WL 9109112, at *1 (C.D. Cal. Aug. 12, 2016) (holding that plaintiff "a passive

13   participant in a service managed by [the subscriber] and Defendant for his and other guest's

14   benefit," was not bound by the arbitration clause and was not trying to obtain a benefit from

15   favorable parts of the agreement while avoiding unfavorable terms).

16       In *Nguyen*, the plaintiff disputed whether he ever became a primary party to the terms of

17   service containing an arbitration provision and argued he was not equitably estopped from

18   avoiding the arbitration clause.  There, the plaintiff had relied on and asserted claims under New

19   York law pursuant to a choice of law provision in the defendant's terms of service agreement.  The

20   court reasoned that "[e]quitable estoppel typically applies to third parties who benefit from an

21   agreement made between by two primary parties."  763 F.3d at 1179.  Because it concluded the

22   plaintiff was not an intended beneficiary of the choice of law provision and because the plaintiff

23   disputed he was a primary party to the terms of service, the court reasoned that any benefit the

24   plaintiff derived from that provision in terms of damages was "merely incidental."  Thus, the

25   plaintiff "was not the type of non-signatory contemplated by the" principle of direct benefits

---

27   [2]    In *Comer* and *Nguyen* non-signatories argued they were not bound by arbitration clauses,
and the estoppel issue often arises in the context of arbitration agreements.  As noted by the Ninth
28   Circuit, "[a]n agreement to arbitrate is … a specialized forum selection clause," so the Court looks
to those cases for guidance.  *Manetti-Farrow*, 858 F.2d at 514 n.4.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   estoppel  *Id.* at 1179-80.

2   In contrast, in *Allen v. Shutterfly, Inc.*, the plaintiff was a party to at least some of the

3   defendants' terms of service, pursuant to an on-line transaction.  She also attached the terms of

4   service to her complaint, incorporated them by reference into the complaint, and relied on those

5   terms of service to argue a choice of law provision in those terms was binding on *all* defendants.

6   No. 20-cv-02448-BLF, 2020 WL 5517172, at *2 (N.D. Cal. Sept. 14, 2020).  The defendants

7   moved to compel pursuant to an arbitration clause in the terms of service.  The court concluded

8   that even if not all defendants had signed the agreement, the plaintiff would be estopped from

9   arguing she should not be required to arbitrate with non-parties.  *Id.*, 2020 WL 55171772, at *8.

10  The court, however, reasoned that by referring to the terms of service as the "defendants'" terms

11  of service, she was attempting to invoke the benefits of those terms against all defendants, while at

12  the same time trying to prevent certain defendants "from enforcing the arbitration clause of the

13  same agreement.  Equitable estoppel does not allow Plaintiff to do so."  *Id.*; *see also Walters*, 488

14  F. Supp. 3d at 936 (holding direct benefits estoppel applied and precluded non-signatories to an

15  operating agreement from avoiding forum selection clause).

16  Here, there is no indication that the Passage Contract's forum selection clause terminated

17  upon completion of the cruise and, thus, it presumptively survived the termination of any other

18  provision of that contract.  Plaintiffs did not merely reference the forum selection clause in their

19  Complaint, they relied on it and sought to benefit from that clause in order to obtain personal

20  jurisdiction over the non-resident defendants.  The Court concludes that benefit is more than an

21  indirect or incidental benefit of the type at issue in *Nguyen*.  Rather, the Court concludes the facts

22  here are closer to the facts in *Allen*.  Finally, although Defendants do not rely on this provision of

23  the Passage Contract in their opposition, in the Notice of Removal they highlighted the definition

24  of the term "Guest," which means "the person(s) booking or purchasing the Cruise or named on

25  the booking confirmation/statement *and ... their heirs, relatives, successors in interest ... and

26  personal representatives*."  (Passage Contract at 3.)  For these reasons, the Court concludes that

27  Plaintiffs knowingly exploited the favorable portions of the forum selection clause and cannot now

28  avoid the portions of it that they find unfavorable.

1    Accordingly, the Court DENIES Plaintiffs' motion to remand.  Because Plaintiffs

2  represented that they would not oppose transfer if the Court denied the motion to remand, the

3  Court GRANTS Defendants' motion to transfer this matter to the United States District Court for

4  the Central District of California.  The Clerk shall transfer the matter and close the file.

5    **IT IS SO ORDERED**.

6  Dated:  October 18, 2021

7  _____

8  JEFFREY S. WHITE
   United States District Judge

United States District Court
Northern District of California